IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONALD STEPHENS**                                                        **PLAINTIFF**

**v.**                         **CASE NO. 4:22-CV-00181-BSM**

**UNITED STATES ENVIRONMENTAL
SERVICES, L.L.C.**                                               **DEFENDANT**

## ORDER

United States Environmental Services, L.L.C.'s motion to dismiss [Doc. No. 5] Donald Stephens's Americans with Disabilities Act and Arkansas Civil Rights Act claims is denied, and its motion to dismiss Stephens's Fair Labor Standards Act claim is granted.

## I. BACKGROUND

Stephens is suing Environmental Services for violating the Americans with Disabilities Act (ADA), 42 U.S.C. section 12101 *et seq.*, the Arkansas Civil Rights Act (ACRA), Ark. Code Ann. section 16-123-107, the Fair Labor Standards Act (FLSA), and 42 U.S.C. sections 1981 and 1988.

Stephens was employed by Environmental Services as a driver and operator when he was diagnosed with a heart condition. *Id*. ¶¶ 10–11. Although Environmental Services was aware of Stephens's condition, his supervisor directed him to fill in for a certified technician who did not show up to work. *Id.* ¶ 12. Stephens refused to accept the assignment because he lacked the safety equipment and training to perform the work he was being asked to perform. *Id.* ¶¶ 14–15. Stephens voiced his concerns to the Operations and Division Manager but was told that he could sit inside the truck and assist with the task once safety

personnel arrived. *Id.* ¶¶ 16–17. Stephens's supervisor ordered him to enter a second tank and clean it out or he would lose his job. *Id*. ¶ 18.

After these incidents, Environmental Services required Stephens to undergo a "Fit for Duty Test," put him on a 45 day hold, and suspended him from driving. *Id.* ¶¶ 19–20. Stephens was also ordered to undergo a stress test with a cardiologist that would cost him $2,000. *Id.* ¶ 21. Stephens's personal cardiologist examined him and offered to send Environmental Services a cardiology clearance letter in lieu of Stephens having to pay for a "Fit for Duty Test." *Id*. ¶¶ 22–23. Notwithstanding this offer, Environmental Services did not reinstate Stephens to work and failed to make reasonable accommodations that would allow him to work a different job. *Id.* ¶ 24.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). Most

importantly for purposes of this motion, all allegations in the complaint are accepted as true and are read in the light most favorable to Stephens. *Ashcroft*, 556 U.S. at 678.

### III. DISCUSSION

A. <u>ADA and ARCA Claims</u>

The motion to dismiss Stephens's ADA and ARCA disparate treatment claims is denied because Stephens has pleaded facts sufficient to state those claims.

To establish a prima facie case of disparate treatment, Stephens must show that he: (1) is disabled; (2) is qualified to perform the job with or without reasonable accommodation; and (3) suffered an adverse employment action under circumstances in which unlawful discrimination can be inferred. *Heisler v. Metro. Council*, 339 F.3d 622, 626–27 (8th Cir. 2003) (quoting *Dropinski v. Douglas County*, 298 F.3d 704, 706–07 (8th Cir. 2002)).

Environmental Services seeks dismissal for two reasons. First, it argues that Stephens's complaint is time barred because he filed the complaint 94 days after the EEOC issued the right to sue letter. Br. Supp. Mot. Dismiss at 4–5. This motion is denied because the complaint was filed within ninety days of the day that the envelope containing the right to sue letter was postmarked. Resp. Mot. Dismiss at 1–2, Doc. No. 9; 42 U.S.C. § 2000ee5(f)(1); *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124; *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted)(court may consider materials that are "necessarily embraced by the pleadings" in deciding a motion to dismiss). Second, Environmental Services argues that Stephens failed to establish a prima facie case of

discrimination because he failed to allege (1) a disability, (2) that he is a qualified individual under the ADA, or (3) that he suffered an adverse employment action because he quit his job. *Id.* at 5–7. In response, Stephens argues that Environmental Services was aware of his heart condition and that he requested an accommodation, and he alleges that he was constructively discharged because he could not afford the required "Fit for Duty Test." Resp. Mot. Dismiss at 2-3. This motion is denied because Stephen's allegations must be accepted as true and viewed in the light most favorable to him. *Ashcroft*, 556 U.S. at 678. When this is done, his allegations are sufficient to state a claim. The motion to dismiss his ACRA claim is also denied because it is analyzed the same as his ADA claim. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002).

B.  FLSA Retaliation Claim

The motion to dismiss Stephens's FLSA claim is granted because his complaint fails to state a claim. To state a claim for retaliation under the FLSA, Stephens must allege: (1) he participated in a protected activity; (2) Environmental Services took an adverse employment action against him; and (3) there was a causal connection between the protected activity and the adverse employment action. *Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031, 1034 (8th Cir. 2005). Stephens argues that his complaint to management was clearly an FLSA complaint because he was not certified for the position he was asked to temporarily fill and because his normal position paid less than the position he was being asked to fill. Resp. Mot. Dismiss at 4. He also argues that his pay would have dropped below the

minimum wage had he paid for the medical test that he was directed to take. *Id.* Dismissal is granted because the complaint does not sufficiently allege a connection between his statements to management and an FLSA violation.

## IV. CONCLUSION

For the forgoing reasons, the motion to dismiss Stephens ADA and ARCA claims is denied, and the motion to dismiss his FLSA claim is granted.

IT IS SO ORDERED this 29th day of July, 2022.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE