IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONALD STEPHENS**                                                        **PLAINTIFF**

v.                                  **CASE NO. 4:22-CV-00181-BSM**

**UNITED STATES ENVIRONMENTAL
SERVICES, LLC**                                                  **DEFENDANT**

**ORDER**

United States Environmental Services, LLC's ("USES") motion for summary judgment [Doc. No. 42] is granted and Donald Stephens's complaint is dismissed with prejudice.

I. BACKGROUND

Donald Stephens was employed by United States Environmental Services for approximately sixteen months in a position that required him to maintain a commercial driver's license ("CDL"), drive company vehicles, and work in enclosed spaces. Job Description, Doc. No. 42-3; Deposition of Donald Stephens 85:12–86:12, Doc. No. 49-1 ("Stephens Dep."). In February of 2021, Stephens was on a job that required the cleaning of two tanks. *Id.* at 52:19–24. Other workers were also assigned to this job, but they did not show up on time. *Id.* at 53:11–13. Instead of waiting on the other workers, Stephens's supervisor decided that he and Stephens should get started. *Id.* at 53:23–25. Stephens, however, told his supervisor that his job title did not require him to clean tanks. *Id.* at 54:3–4. After waiting thirty minutes for the other workers, Stephens's supervisor told him to climb into the tank and wash it out. *Id.* at 54:11, 17. Stephens refused to enter the tank

because he was a driver, not a technician, and because he did not have a hazmat suit or a harness. *Id.* at 54:1– 55:2. Finally, Stephens responded that he would not enter the tank because he did not "want to potentially aggravate something with [his] heart." *Id.* at 56:17–18.

After continued disagreements with his supervisor, Stephens called his division manager. *Id.* at 55:6–56:2. He told the division manager that he did not feel safe entering the tank without safety equipment. *Id.* The division manager relieved Stephens of climbing into the tank, and told him to merely sit in the truck and assist the other workers. Stephens Dep. 55:6–58. When the other workers, who were "safety guys" arrived, they cleaned out the first tank. *Id.* Next, Stephens was told by his supervisor and the safety workers to clean out the second tank. *Id*. Stephens assisted in cleaning the second tank. *Id.*

After Stephens revealed he had a heart condition, USES directed Stephens to take a "fit for duty" test at St. Vincent's Business Health and Convenient Care. USES Statement of Facts ¶10, Doc. No. 43; Deposition of Sarah Baxter, APRN 14:4, Doc. No. 49-3 ("Baxter Dep."). An EKG revealed that Stephens had atrial fibrillation, which could cause him to pass out while driving. Baxter Dep. 23:18. Because of this, Stephens's CDL was put on a 45-day hold while additional testing was performed. Baxter Dep. 20:11.  When Stephens was not given alternative work during the 45-day hold period, he applied for temporary disability and resigned. Stephens Dep. 66:5–21; Stephens Resignation Letter, Doc. No. 42-6.

Stephens is suing under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*., and the Arkansas Civil Rights Act (ACRA). USES is moving for summary

judgment on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P.56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party shows that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

USES's motion for summary judgment is granted on Stephens's disability claim because he cannot show that he was disabled or that he was perceived as disabled. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002) (ACRA claims are given the same analysis as ADA claims).

A.  <u>Disability</u>

Stephens was not disabled within the meaning of the ADA. The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being

3

regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities include caring for one's self, performing manual tasks, walking, seeing, hearing, breathing, learning and working. 42 U.S.C. § 12102(2). An impairment is "substantially limiting" if it renders an individual unable to perform a major life activity that the average person in the general population can perform, or if it significantly restricts the condition, manner, or duration under which an individual can perform a particular major life activity as compared to an average person in the general population. *See Kirkeberg v. Canadian Pac. Ry.*, 619 F.3d 898, 903 (8th Cir. 2010) (the definition of substantial limitation was expanded in the Americans with Disabilities Act Amendments Act of 2008, but a plaintiff must still demonstrate a limitation). Stephens must present evidence showing the degree to which he is limited by his conditions and not merely generic "evidence of a medical diagnosis of an impairment." *Ristrom v. Asbestos Workers Local 34 Joint Apprentice Comm.*, 370 F.3d 763, 769 (8th Cir. 2004) (citation omitted).

The record is devoid of any evidence that Stephens was considerably limited. Although Stephens's cardiologist, Dr. Mangaraju Chakka, testified that Stephens has heart conditions including atrial fibrillation, which *can* cause shortness of breath, he also testified that those conditions did not prevent Stephens from driving or using a respirator. Deposition of Dr. Mangaraju Chakka 9:9, 22:9–23:14, 24:8, 44:21, Doc. No. 49-4 ("Dr. Chakka Dep."). Moreover, Dr. Chakka did not restrict Stephens from entering confined spaces. *Id.* at 28:23. Although Stephens was diagnosed with heart conditions, the record does not establish how he was limited in a major life activity compared to the average person.

Even though Stephens's CDL was placed on a temporary hold, four circuits have held that the inability to drive is not a disability recognized by the ADA. *Chenoweth v. Hillsborough Cnty.*, 250 F.3d 1328, 1329 (11th Cir. 2001) (finding driving conspicuously different in character from other ADA disabilities); *Kellogg v. Energy Safety Servs. Inc.,* 544 F.3d 1121, 1126 (10th Cir. 2008) (inability to drive to and from job sites not an ADA disability); *Colwell v. Suffolk Cnty. Police Dep't.,* 158 F.3d 635, 643 (2d Cir. 1998) (police officer unable to drive not disabled under ADA); *Winsley v. Cook Cnty.,* 563 F.3d 598, 603 (7th Cir. 2009) (finding no ADA disability when nurse plaintiff could not perform two hours of work related driving). Therefore, Stephens has not shown that he has a disability recognized by the ADA.

B.  Perceived disability

Even though Stephens is not actually disabled, he could bring an ADA claim if he could show that USES engaged in prohibited activity based on its perception that he had a disability. 42 U.S.C. § 12102(3)(A). Stephens would be regarded as disabled if USES believed he had a physical impairment that substantially limited a major life activity. *Canning v. Creighton Univ.*, 995 F.3d 603, 615 (8th Cir. 2021).

Stephens argues that USES perceived him as disabled because he asserted that he needed a respirator in order to climb into the tank. The record shows that Stephens's supervisor correctly believed Stephens was physically capable of working without any restrictions. Stephens Dep. 57:13; Dr. Chakka Dep. 18:8–10. It was only after giving a number of reasons why he did not want to enter the tank that Stephens asserted he had a heart

5

condition that prevented him from doing so. Because of this, he was sent for testing, and he quit his job before the clearance process was complete.

In addition to the fact that he had no confined space restrictions, OSHA requires all employees working with hazardous chemicals in confined areas to have respirators available to them. Pl.'s Br. Opp'n Mot. Summ. J. 10, Doc. No. 50; 29 C.F.R. §1910.134. Consequently, Stephens's allegations do not appear to support an ADA claim, but instead, may support a claim for an OSHA violation.

    C.    <u>Retaliation</u>

Dismissal was granted on Stephens's Fair Labor Standards Act retaliation claim. Doc No. 17. Although Stephens failed to specifically allege disability retaliation in his complaint, to the extent that he attempted to do so, summary judgment is granted on that claim because he has failed to show that he engaged in protected activity. *See Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 924 (8th Cir. 2018) (plaintiff must have engaged in statutorily protected activity to succeed on a retaliation claim). He argues that USES retaliated against him when he requested a respirator to accommodate a heart disability. Pl.'s Br. Opp'n Mot. Summ. J. 10. This argument fails for the reasons expressed above. OSHA requires similar safety gear for all persons working with hazardous chemicals in confined spaces, not just disabled employees. 29 C.F.R. §1910.134. Further, the record establishes that Stephens's cardiologist did not tell him he needed a respirator to enter confined spaces. Dr. Chakka Dep. 28:23. A request for general safety gear that the average person needs is different than a request for a disability accommodation.

IV. CONCLUSION

For these reasons, USES's motion for summary judgment is granted.

IT IS SO ORDERED this 31st day of October, 2024.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE